JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
C.J. Buonadonna, a minor; 622 Beechwood Avenue, Collingdale PA 19023

Dylan Fonner, a minor; 79 Burnside Avenue, Sharon Hill PA 19079

**DEFENDANTS**
Southeast Delco School District; 1560 Delmar Drive, Folcroft PA 19032
Delaware County Intermediate Unit; 200 Yale Avenue, Morton PA 19070
Hykeem Green; c/o Southeast Delco School District; 1560 Delmar Drive, Folcroft PA 19032

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Esquire; Oxman Goodstadt Kuritz P.C.
111 South Independence Mall East, Suite 740
Philadelphia PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. Section 1983
Brief description of cause:
1983 Civil Rights Case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  _____  DOCKET NUMBER  _____

DATE 5-12-14
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| C.J. Buonadonna, a minor and Dylan Fonner, a minor | CIVIL ACTION |
| Southeast Delco School Disctrict, Delaware County Intermediate Unit and Hykeem Green, official and individual capacity | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 05/12/2014 | Joseph Oxman | C.J. Buonadonna, a minor<br>Dylan Fonner, a minor |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 622 Beechwood Avenue, Collingdale PA 19023 AND 79 Burnside Avenue, Sharon Hill PA 19079

Address of Defendant: 1560 Delmar Drive, Folcroft PA 19032 AND 200 Yale Avenue, Morton PA 19070

Place of Accident, Incident or Transaction: The Delaware County Alternative School's school bus
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Joseph Oxman, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 05/12/2014   _____   207956
                    Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/12/2014   _____   207956
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
111 South Independence Mall East, Suite 740
Philadelphia, PA 19106
(215) 665-9999
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C.J. BUONADONNA,**<br>a minor, by his parent and<br>Natural guardian, Athena M. Blythe<br>622 Beechwood Avenue<br>Collingdale, PA 19023<br><br>**DYLAN FONNER,**<br>A minor, by his parent and Natural<br>guardian, Jackee Fonner<br>79 Burnside Avenue<br>Sharon Hill, PA 19079<br><br>        Plaintiffs,<br>vs.<br><br>**SOUTHEAST DELCO**<br>**SCHOOL DISTRICT**<br>1560 Delmar Drive<br>Folcroft, PA 19032<br><br>**DELAWARE COUNTY**<br>**INTERMEDIATE UNIT**<br>200 Yale Avenue,<br>Morton, PA 19070<br><br>and<br><br>**HYKEEM GREEN**<br>(official and individual capacity)<br><br>        Defendants. | CIVIL ACTION NO.:<br><br>District Judge<br><br>COMPLAINT FOR VIOLATIONS OF THE 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, FALSE IMPRISONMENT, INTENTIONAL, STATE CREATED DANGER, INFLICTION OF EMOTIONAL DISTRESS, LOSS OF CONSORTIUM |

Plaintiffs, C.J. Buonadonna and Dylan Fonner, minors, by way of Complaint against defendants hereby aver as follows:

## **PARTIES**

1. Plaintiff, Athena M. Blythe is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 622 Beachwood Avenue Collingdale, PA 19023. Plaintiff C.J. Buonadonna, a minor, is the son of plaintiff Athena M. Blythe, and is an individual and citizen of the Commonwealth of Pennsylvania, residing with his mother at the aforementioned address.

2. Plaintiff, Jackee Fonner is an adult individual and citizen of the state of Pennsylvania, residing at 79 Burnside Avenue Sharon Hill, PA 19079. Plaintiff Dylan Fonner, a minor, is the son of Plaintiff Jackee Fonner, and is an individual and citizen of the Commonwealth of Pennsylvania, residing with his mother at the aforementioned address.

3. Defendant, Southeast Delco School District, was and still is a public domestic entity duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1560 Delmar Drive Folcroft, Pennsylvania 19032; hereinafter referred to as "District."

4. Defendant, Delaware County Intermediate Unit is a state sponsored regional education services agency that provides special education and technical training within Pennsylvania; hereinafter referred to as "DCIU."

5. Defendant, Hykeem Green, is an individual and citizen of the Commonwealth of Pennsylvania whose residence address is unknown, but during the time of the incidents described herein was an employee of defendant District and DCIU.

6. At all times mentioned herein, Green was acting under the color of law in his official capacity as an employee of defendant District and DCIU.

## JURISDICTION AND VENUE

7. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

8. The Court has jurisdiction over the lawsuit because the action arises under the laws and Constitution of the United States, in particular, the Fourteenth Amendment and 42 U.S.C.A. § 1983. Plaintiffs C.J. Buonadonna and Dylan Fonner were deprived of their rights under the due process clause of the Fourteenth Amendment when Defendant Green held plaintiffs against their will on a school bus where they were viciously assaulted and battered while under his control and protection.

9. During the assault, Defendant Green was engaged in his capacity as a state actor.

10. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's claims arising under State law, including false imprisonment, and the intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

## COMPLAINT GENERAL ALLEGATIONS

12. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

13. On October 9, 2013, plaintiffs, C.J. Buonadonna and Dylan Fonner, were students in the District attending an alternative school supervised by the DCIU.

14. On October 9, 2013, both C.J Buonadonna and Dylan Fonner suffered instances of teasing and bullying while at the Delaware County Alternative High School operated by the DCIU.

15. On October 9, 2013 at approximately 2:30 PM, C.J. Buonadonna and Dylan Fonner were leaving The Delaware County Alternative School on a school bus owned and operated by District and DCIU.

16. The bus described above was being driven by defendant Hykeem Green.

17. As of October 9, 2013 defendant Hykeem Green was an employee of defendant District and DCIU.

18. Upon hiring defendant Green, the District and DCIU were aware of Green's previous traffic infractions.

19. Upon hiring defendant Green, the District and DCIU were aware of his criminal history for assault and false imprisonment.

20. At some point during the bus ride, three students on the bus who had been involved in bullying and teasing Plaintiffs earlier in the day, started harassing plaintiffs Buonadonna and Fonner by verbally accusing them of being racists.

21. Shortly thereafter, after harassing Plaintiff Fonner verbally, one of the bullies walked up behind plaintiff Fonner and said, "I's a coming up, get ready, it's about to get real up up up oh shit oh shit oh shit oh shit, you wanna move."

22. At the time, Plaintiffs were seated in the front row of the bus, approximately 6 feet or less from Defendant Green.

23. Defendant Green then said to the first bully standing behind Plaintiff Fonner, "Yo, leave him alone man for real."

24. The bully then punched Plaintiff Fonner in the face four times while defendant Green watched.

25. Defendant Green was still watching when Plaintiff Fonner stood up and verbally confronted his assailant by accusing him of a hate crime, and saying he would "fucking tell," to which his assailant replied, "you ain't fucking telling."

26. Defendant Green then said "You all gotta sit down man."

27. Then, the second male bully hit Fonner in the face and knocked him into Plaintiff Buonadonna.

28. Plaintiff Fonner then stood up and asked to be let off of the bus.

29. Defendant Green then stated to Plaintiffs, "I can't let you off the bus man."

30. Then, one of the bullies immediately said to Plaintiffs, "He can't let you off the bus."

31. Plaintiff Fonner then said, "I'll call my mom if you don't let us off the bus," but defendant Green still refused to let Fonner or Buonadonna off the bus.

32. Immediately after Defendant Green refused to let Plaintiffs off the bus, one of the bullies said "yo, that's it plain and simple", and the other cheered "woooooooooooo."

33. After defendant Green refused to let Plaintiffs off the bus, the bullies stopped filming and continued to threaten and batter the Plaintiffs.

34. At no time while the plaintiffs were on the bus did defendant Green attempt to call 911 or his bus dispatcher to seek help for the plaintiffs.

35. Only upon reaching Plaintiff Buonadonna's residence, defendant Green eventually let both Plaintiffs off the bus.

36. While getting off the bus, Defendant Green was aware that both boys were injured and bleeding but did nothing to assist them.

37. At no time, even after the plaintiffs left the bus did Defendant Green alert the police that an assault had occurred upon the plaintiffs.

38. At no time, even after plaintiffs left the bus, did anyone from District or DCUI report this incident to police.

39. Defendant District and DCIU failed to train defendant Green regarding what actions to take during a student assault on a school bus.

40. Defendant District and DCIU had a policy to keep children on a school bus until their assigned stops even while students were being battered, and facing an immediate threat of continued danger to life and liberty.

41. Defendant District and DCIU failed to train employees regarding actions to be taken if an emergency occurred on its bus.

42. Defendant District and DCIU's policies resulted in Plaintiffs being kept on a bus against their will and suffered physical and emotional injuries.

43. Defendant District and DCIU's policies resulted in Plaintiffs sustaining multiple assaults and batteries.

44. Defendant Green was never disciplined by District or DCIU regarding the above mentioned incident of October 9, 2013.

<u>COUNT I</u>
<u>PLAINTIFFS C.J BUONADONNA AND DYLAN FONNER VS. SOUTHEAST DELCO SCHOOL DISTRICT AND DELAWARE COUNTY INTERMEDIATE UNIT FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE HYKEEM GREEN UNDER MONELL</u>

45. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

46. Defendant District and DCIU's failure to supervise, train, discipline or otherwise sanction defendant Hykeem Green properly caused C.J Buonadonna and Dylan Fonners' to be deprived of their personal liberty to be free of assaults which subsequently caused the plaintiffs to incur serious injuries.

47. Defendant District and DCIU failed to train its bus driver employee, defendant Hykeem Green, with respect to the constitutional, statutory and departmental limits of his employment authority.

48. Defendant, District and DCIU, was on actual notice of the need to train, supervise, discipline or terminate defendant Green, prior to the incident in question, as other similar incidents had occurred in the past involving criminal acts engaged in by Green either during or before the scope of his employment.

## COUNT II
## PLAINTIFFS C.J BUONADONNA AND DYLAN FONNER VS. HYKEEM GREEN THE RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, FALSE IMPRISONMENT, FAILURE TO INTERVENE, AND DEPRIVATIONS OF LIBERTY UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT

49. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

50. The above actions of defendant Green resulted in a failure to intervene and false imprisonment of Plaintiffs that additionally resulted in repeated assaults upon them and deprived them of their liberty to be free from assaults.

51. The above actions of defendants District and Green demonstrate deliberate indifference to the consequences of C.J Buonadonna and Dylan Fonner's deprivation of constitutional rights.

52. The above actions of defendants Green and District, through their shocking and outrageous behavior, caused the deprivation of C.J Buonadonna and Dylan Fonner's constitutional rights.

### COUNT III
### PLAINTIFFS C.J BUONADONNA AND DYLAN FONNER VS. HYKEEM GREEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

54. The above described actions including the false imprisonment and subsequent assault and battery on plaintiffs C.J. Buonadonna and Dylan Fonner constitutes outrageous behavior by defendant Green, as a result of this C.J. Buonadonna and Dylan Fonner have sustained severe and significant emotional damage that have ongoing physical symptoms.

### COUNT IV
### PLAINTIFFS C.J BUONADONNA AND DYLAN FONNER VS. SOUTHEAST DELCO SCHOOL DISTRICT, DELAWARE COUNTY INTERMEDIATE UNIT AND HYKEEM GREEN
### STATE CREATED DANGER

55. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

56. The defendants placed plaintiffs in harms way when the their actions created and exacerbated a danger to the plaintiffs by affirmatively preventing Plaintiffs' Fonner and Buonadonna from reaching an area of safety where Plaintiff Fonner could have safely called his mother to intervene.

57. The intent and/or deliberate indifference and/or negligence by the Defendants created the danger of the plaintiffs' subsequent battery and injuries, and heightened plaintiffs' vulnerabilities to precisely the abuses and violations described above.

58. Defendant, district, did not revoke the employment or correct the problems of defendant Hykeem Green's actions and thus defendant district's deliberate indifference, led to the continued employment of defendant Green which created a dangerous condition and drew the plaintiffs into a dangerous situation on October 9, 2013.

<u>**COUNT V**</u>
<u>**ATHENA BLYTHE AND JACKEE FONNER VS. SOUTHEAST DELCO SCHOOL DISTRICT, DELAWARE COUNTY INTERMEDIATE UNIT AND HYKEEM GREEN**</u>
<u>**LOSS OF CONSORTIUM**</u>

59. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

60. Plaintiff, Athena Blythe, is, and at all relevant times has been, the mother of Plaintiff, C.J. Buonadonna.

61. Plaintiff, Jackee Fonner, is, and at all relevant times has been, the mother of Plaintiff, Dylan Fonner.

62. As a direct and proximate result of the actions of the defendants, plaintiff C.J. Buonadonna has endured pain, suffering, and has been irretrievably altered and damaged.

63. As a direct and proximate cause of the actions of the defendants, Plaintiff, Athena Buonadonna, has lost her son's consortium, including his society, companionship, and affection.

64. As a direct and proximate cause of the actions of the defendants, Plaintiff, Athena Buonadonna, has provided significant home care assistance to her son, while incurring medical and related expenses.

65. As a direct and proximate result of the actions of the defendants, plaintiff Dylan Fonner has endured pain, suffering, lost and has been irretrievably altered and damaged.

66. As a direct and proximate cause of the actions of the defendants, Plaintiff, Jackee Fonner, has lost her son's consortium, including his society, companionship, and affection.

67. As a direct and proximate cause of the actions of the defendants, Plaintiff, Jackee Fonner, has provided significant home care assistance to her son, while incurring medical and related expenses.

### PLAINTIFFS C.J. BUONADONNA AND DYLAN FONNER VS. SOUTHEAST DELCO SCHOOL DISTRICT, THE DELAWARE COUNTY INTERMEDIATE UNIT AND HYKEEM GREEN
### DAMAGES

68. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

69. As a direct and proximate result of the defendants' conduct, plaintiffs suffered physical injuries, pain and suffering in the past and future, severe mental anguish in the past and future and were deprived of their State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and were otherwise damaged.

70. The plaintiffs have suffered and will suffer in the future from permanent residuals.

### ATTORNEYS FEES

71. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

72. It was necessary for the plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

### PRAYER

73. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

74. Plaintiffs demand judgment against defendant District and DCIU individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

75. Plaintiffs demand judgment against defendant Hykeem Green, individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

### PLAINTIFFS DEMAND FOR A JURY TRIAL

76. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

*/s/ Joseph Oxman*

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the documents are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification.
All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

*Charles J Buonadonna*
PLAINTIFF
*Athena M. Blythe*

## VERIFICATION

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the documents are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification.
All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF